# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| MARK REDDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 05-4144-CV-C-NKL |
| | ) |
| MISSOURI DEPARTMENT OF SOCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Pending before the Court is Plaintiff Mark Redding's ("Redding") Motion to Reconsider and Dismiss [Doc. 9], as well as the Missouri Department of Social Services' ("MDSS") Motion to Dismiss [Doc. 12]. For the reasons stated below, Redding's motion will be denied and the MDSS's motion will be granted.

This case concerns a paternity test that Mr. Redding does not want to take. According to the MDSS, on November 2, 2004, Venessa Dawn Hicks completed a form requesting state assistance for a minor child born in April 1993. After Ms. Hicks told the MDSS that Redding is the father of the child, the Family Support Division contacted Redding and sent him a Notice to Appear for Genetic Testing. Redding failed to appear for the test.

On May 5, 2005, Redding filed a Motion for a Temporary Restraining Order in this Court. During the hearing on the Motion, Redding argued that his constitutional

1

rights would be violated if he were required to take the genetic test. In particular, Redding argued that the test would violate his rights under the Fourth and Fifth Amendments, including his Due Process rights. Redding was especially concerned that no "oath or affirmation" had been obtained from Ms. Hicks. After the hearing, the Court denied Redding's Motion for a Temporary Restraining Order, finding that Redding had failed to demonstrate likelihood of success on the merits.

Redding now requests the Court to "Reconsider And Dismiss and exhaust the states [sic] case for the lack of probable cause . . . ." [Doc. 9, p. 1.] Redding further alleges that the State failed to produce a witness, "and therefore admitted the alleged witness has no creditability [sic] . . . ." *Id*. As there is no state judicial proceeding against Redding occurring at the present time, the Court interprets Redding's motion to be a request to enjoin the State from proceeding with its administrative paternity determination procedures based on the State's alleged lack of evidence.

The Court will deny Redding's Motion and will grant the State's Motion to dismiss this case because Redding has alleged no facts suggesting that the State's actions would violate his constitutional rights. The Court is aware of no authority suggesting that the State is constitutionally required to obtain an "oath or affirmation" before proceeding with its administrative procedures. Rather, "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner."

2

*Winegar v. Des Moines Indep. Cmty. School Dist.* 20 F.3d 895, 899-900 (8th Cir. 1994) (citing *Mathews v. Eldridge*, 424 U.S. 319, 333, (1976)). There is no indication that the State will not provide Redding with an opportunity to raise his credibility arguments in the proper state forum. Nor is there any indication that the State has otherwise infringed on Redding's constitutional rights. Accordingly, the Court will dismiss this case. *See Caton v. Davies*, 29 F.3d 631 (9th Cir. 1994) (finding that district court properly denied injunctive relief where there was no indication that the plaintiff had been denied an opportunity to litigate his due process claims as part of a state paternity proceeding).

Accordingly, it is hereby

ORDERED that Plaintiff's Motion to Reconsider and Dismiss [Doc. 9] is DENIED. It is further

ORDERED that Defendant's Motion to Dismiss [Doc. 12] is GRANTED. Redding's claims are DISMISSED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 1, 2005
Jefferson City, Missouri